IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



CODY JOHNSTON,

Plaintiff,

vs.

CHUCK CURRY, et al.,

Defendants.

CV 18-00082-M-DLC-JCL

ORDER

United States Magistrate Judge Jeremiah C. Lynch entered his Order and Findings and Recommendations in this case on May 8, 2018, recommending that Plaintiff Cody Johnston's Complaint (Doc. 2) be dismissed because it is barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff timely filed an objection to Judge Lynch's Order on May 24, 2018.[1] (Doc. 6.) This Court must review de novo those findings and recommendations to which Plaintiff has specifically objected. 28 U.S.C. § 636(b)(1)(C). Absent objection, this Court reviews findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S.

---

[1] Plaintiff also filed a Brief in Support of Complaint (Doc. 7) on May 24, 2018, reasserting the claim that Defendants violated Plaintiff's constitutional rights by "knowingly and purposely wrongfully and illegally" charging Plaintiff with a crime. (*Id.* at 13.) Plaintiff's Brief has no bearing on Judge Lynch's Order or the analysis set forth herein and is not properly before the Court.

1

140, 149 (1985). Clear error exists if the court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

"A party makes a proper objection by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010) (citation omitted). "It is not sufficient for the objecting party to merely restate arguments made before the magistrate or to incorporate those arguments by reference." *Id.* Congress created magistrate judges to provide district judges "additional assistance in dealing with a caseload that was increasing far more rapidly than the number of judgeships." *Thomas*, 474 U.S. at 153. There is no benefit to the judiciary "if the district court[] is required to review the entire matter de novo because the objecting party merely repeats the arguments rejected by the magistrate. In such situations, this Court follows other courts that have overruled the objections without analysis." *Montana Shooting Sports Ass'n*, 2010 WL 4102940, at 82 (internal quotation marks and citation omitted).

In short, an objection to a magistrate's findings and recommendations "is not a vehicle for the losing party to relitigate its case." *Id.* This is precisely what

2

Plaintiff has attempted to do in his objection. Plaintiff's objection amounts to a rehashing of the facts and arguments provided, weighted, and rejected by Judge Lynch in deciding to dismiss the complaint as barred by the *Heck* doctrine. Accordingly, the Court reviews Judge Lynch's Findings and Recommendations for clear error. As Judge Lynch explained, a determination regarding whether any of Plaintiff's rights were violated during his arrest and criminal proceedings would necessarily imply the invalidity of his conviction in contravention of *Heck v. Humphrey*. The Court finds no clear error in this conclusion. Therefore,

IT IS ORDERED that Judge Lynch's Order and Findings and Recommendations (Doc. 4) are ADOPTED IN FULL and Plaintiff's Complaint (Doc. 2) is DISMISSED.

IT IS FURTHER ORDERED that the Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous and it lacks arguable substance in law or fact.

DATED this 11th day of September, 2018.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court